DAVID F. ANDERSON (#79715)
DENNIS M. HAUSER (#46340)
HAUSER & MOUZES
A Professional Law Corporation
18826 N. Lower Sacramento Road, Suite H
Post Office Box 1397
Woodbridge, California 95258-1397
Telephone: (209) 368-1368
Facsimile: (209) 368-1472
E-mail: *hausermouzes@sbcglobal.net*

Attorneys for,
BRIAN FEDERICO, WILLIAM FEDERICO,
DOUGLAS AND TERRI BROWN

# IN THE UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

In re:

LAWRENCE PAUL FEDERICO, fdba Fargo Construction, fdba Construction Offices, fdba Specialty Equipment, fdba D & L Fargo,

    Debtor.

Case No. 07-21245-B-7

Chapter 7

DCN HM-1

**MOTION TO SET ASIDE ORDER AND JUDGMENT AS VOID**

Date: August 5, 2008
Time: 9:30 a.m.
Dept.: B
Ctrm: 33

    Movants BRIAN FEDERICO, WILLIAM FEDERICO, DOUGLAS and TERRI BROWN hereby allege, move and represent as follows:

    1.    The Debtor herein, Paul Federico, filed this chapter 7 petition on February 26, 2007.

    2.    Michael McGranahan is the duly appointed chapter 7 trustee ("Trustee").

    3.    Prior to November 14, 2007, the Trustee claimed ownership of virtually all personal property located at a storage yard at 900 Welty Road, Vernalis, California as part of the bankruptcy estate. This included registered and unregistered vehicles, equipment, tools and personal property as well as records, both business and personal.

4. Prior to November 14, 2007 the Trustee and/or his attorney were advised that most of the personal property located at 900 Welty Road ("Welty Premisses") was not owned by the estate but was owned by third parties, including movants herein. The Trustee was so advised by Brian Federico, movant herein, and the debtor himself, Paul Federico. The Trustee was further notified of the estate's lack of title to the personal property by the following:

    A. The opposition filed October 16, 2007 to the Trustee's motion to sell which included the objection that the estate had no interest in the auction property, citing *Moldo vs. Clark* 266 Br. 163 (BAP 9th cir. 2001) which prohibits sale of property pursuant to 11 USC §363 without first determining that it is in fact property of the bankruptcy estate. Exhibit 1 to the Declaration of David F. Anderson filed herewith.

    B. The Declaration of Brian Federico filed October 16, 2007 in support of his opposition in which he states that he is the owner of most of the items to be sold. Exhibit 2 to the Declaration to David F. Anderson filed herewith.

    C. At all times pertinent herein, the Trustee was advised that certain records were located inside some of the containers on the Welty Premises and that in order to demonstrate title on behalf of movants it would be necessary to have access to the trailers and other storage facilities on site. These requests were denied by the Trustee.

5. At all times pertinent herein the Trustee was advised that most of the property on the Welty Premisses belonged to Brian Federico who moved the personal property there after being cited for having excess equipment on his own premises located about two miles away.

6. The debtor had no interest in the Welty Premises at any time pertinent herein.

7. On November 14, 2007 over the objection of Brian Federico, the Trustee obtained an order allowing him to sell the personal property on the Welty Premises which he claimed as part of the estate despite having been advised to the contrary.

8. One of the objections raised to Trustee's motion to sell the property was that it was not filed as an adversary proceeding as it should have been pursuant to FRBP 7001(2). At that time movant, Brian Federico, further objected that an order otherwise issued to approve a sale was void.

2

Motion To Set Aside

9. On or before January 19, 2008 the Trustee or his counsel received further objection to the auction sale set for January 19, 2008 pursuant to the order approving the sale. The formal objection included:

    A. The letter dated January 17, 2008 from the undersigned counsel to the Trustee's attorney Oleksa advising that most of the property was not that of the estate and that the Trustee operates at his peril in proceeding with the auction. The letter included evidence of ownership of certain items of Brian and/or William Federico. Exhibit "3" to the Declaration of David F. Anderson filed herewith.

    B. A second letter to the Trustee's attorney dated January 18, 2008. Exhibit "5" to the Declaration of David F. Anderson filed herewith.

    C. Over three emails from Paul Federico, the debtor, to the Trustee and/or auctioneer over the period of January 16, 17, and 18, 2008 advising that the sale should not proceed until ownership has been addressed. Exhibits "1", "2" and "3" to the Declaration of Paul Federico filed herewith.

    D. In addition to these written communications, various oral notices were given to the Trustee and/or auctioneer prior to the auction and the day of the auction itself by Brian and/or Paul Federico. Declarations of Brian Federico and Paul Federico filed herewith.

10. Despite the objections, the Trustee proceeded with the auction sale as planned and movants' items of personally property were wrongfully sold to the public.

11. Movants request an order pursuant to FRCP 60(b)(4) as incorporated in FRBP 9024 setting aside the order and judgment approving the sale as void for lack of due process and contrary to the Federal Rules of Bankruptcy Procedure.

Wherefore, movants pray for judgment as follows:

1. That the order filed November 21, 2007 and any judgment thereon be declared null and void;

///

///

2. For such other and further relief as the court may deem proper.

Respectfully submitted.

Dated: June 27, 2008

HAUSER & MOUZES
A Professional Law Corporation

*/s/ David F. Anderson*

By: DAVID F. ANDERSON, Attorney for Brian Federico, William Federico, Douglas Brown and Terri Brown