DAVID F. ANDERSON (#79715)
DENNIS M. HAUSER (#46340)
HAUSER & MOUZES
A Professional Law Corporation
18826 N. Lower Sacramento Road, Suite H
Post Office Box 1397
Woodbridge, California 95258-1397
Telephone: (209) 368-1368
Facsimile: (209) 368-1472
E-mail: *hausermouzes@sbcglobal.net*

Attorneys for,
BRIAN FEDERICO, WILLIAM FEDERICO,
DOUGLAS AND TERRI BROWN

IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re:

LAWRENCE PAUL FEDERICO, fdba Fargo Construction, fdba Construction Offices, fdba Specialty Equipment, fdba D & L Fargo,

    Debtor.

Case No. 07-21245-B-7

Chapter 7

DCN HM-1

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO SET ASIDE ORDER AND JUDGMENT AS VOID**

Date: August 5, 2008
Time: 9:30 a.m.
Dept.: B
Ctrm: 33

    BRIAN FEDERICO, WILLIAM FEDERICO, and DOUGLAS and TERRI BROWN hereby move for an order setting aside the court order and judgment as follows:

<h3 style="text-align:center">INTRODUCTION</h3>

    This motion is brought to set aside the improper order filed November 21, 2007 pursuant to hearing on November 14, 2007 following the trustee's Motion for Authority to Sell Personal Property Free and Clear of Tax Liens, DCN MGO-5, filed October 2, 2007. Pursuant to the order an auction of personal property of the estate occurred on January 19, 2008 which included hundreds of items located at 900 So. Welty Road, Vernalis, CA . The auctioneer subsequently generated a

list of 758 items of identified personal property which were sold. Of these, the vast majority were not owned by the estate as shown on Exhibit "1" to the Declaration of Brian Federico filed herewith.

Movants contend the order is void *ab initio* because it was issued without the requisite due process in the form of an adversary proceeding which is required in cases of disputed ownership.

### NOTICE TO THE TRUSTEE

Importantly, the Trustee was advised regularly and consistently by Brian Federico and the Debtor, Lawrence Paul Federico, that the vast majority of the items to be sold were not property of the estate. This notice which was given as early as May 2007; well before the motion to approve the sale of the personal property was filed in October 2007. B. Federico Declaration, p.2, l.4-p.3, l.10; P. Federico Declaration, p. 2, l. 3-24. Although the official auctioneer's list consists of 758 items sold, there were literally thousands of personal property items disposed of at the auction because some personal property was sold in bulk in the form of containers full of smaller goods. Neither Brian Federico nor the Debtor were allowed access to the documents which they sought in order to demonstrate their title. The containers which had the requested information were sold at the auction thus limiting the Federicos' ability to prove to the Trustee that the items to be auctioned included little estate property; however, they were able to unilaterally retrieve some items at and after the auction which substantiate their ownership.

### PROPERTY SOLD OR ATTEMPTED TO BE SOLD

A mere sampling of wrongfully appropriated personal property includes:

1. The 1975 Peterbilt concrete truck, license number 7707P. Mr. Brian Federico has at all times asserted an exclusive ownership interest in this vehicle. He bought the vehicle at an auction from the prior lienholder in August 2003.

Even the Trustee's copies of DMV printouts filed November 7, 2007 with the court prior to the November 14, 2007 hearing on the Trustee's Motion to Approve the Sale shows title to this item in D/L Concrete Pumping, Inc. an entity in which the debtor never had an interest. Anderson Declaration, Exhibit 7, p. 45, 46, 47, 48. This item was included in the January 17, 2008 letter of the undersigned counsel to Trustee's counsel which specifically requested that it not be sold.

Anderson Declaration, Exhibit 3, p. 8,9,10, and 17-23. This request was denied. See letter of M. Oleksa dated January 18, 2008. Anderson Declaration, Exhibit 4, p. 26.

2. 1983 International truck model 1740, VIN-3195. The Trustee's copies of DMV printouts filed November 7, 2007 with the court prior to the November 14, 2007 hearing on the Trustee's sale motion shows no interest of the estate in this item; rather, title shows "Speciality Equipment Service" (a service oriented company) which is an entity owned by William Federico and others not related to the debtor. Anderson Declaration, Exhibit 7, p. 70, 71, 72. The debtor at one time owned "Specialty Equipment Sales" (an equipment company) but had nothing to do with Specialty Equipment Service.

This item was included in the January 17, 2008 letter of the undersigned counsel to Trustee's counsel which specifically requested that it not be sold. Anderson Declaration, Exhibit 3, p.8, 9, 10. The request was denied. See letter of M. Oleksa dated January 18, 2008. Anderson Declaration, Exhibit 4, p. 26.

3. 1980 Chevy 60 Flatbed, VIN-0215.

The Trustee's copies of DMV printouts filed November 7, 2007 with the court prior to the November 14, 2007 hearing on the Trustee's sale motion shows no interest of the estate in the item, rather, title is shown in Brian Rhoades and/or Specialty Equipment Services. Anderson Declaration, Exhibit 7, p. 49, 50, 51, 52. This item was included in the January 17, 2008 letter of the undersigned counsel to Trustees counsel which specifically requested that it not be sold. Anderson Declaration, Exhibit 3, p. 8, 9, 10. This request was denied. See letter of M. Oleksa dated January 18, 2008. Anderson Declaration, Exhibit 4, p. 26.

4. 1995 Chevy Suburban 3500, VIN-5426. The Trustee's copies of DMV printouts filed November 7, 2007 with the court prior to the November 14,2007 hearing on the Trustee's sale motion shows no interest of the estate in this item. This vehicle was purchased in 2004 by Michelle Federico, wife of William Federico. There are only two names on the records submitted by the Trustee: Michelle Federico and Thomas Bros. Welding. Neither one is the debtor. Anderson Declaration, D. Anderson Declaration, Exhibit 7, p. 76, 77, 78, 79.

This item was included in the January 17, 2008 letter of the undersigned counsel to the

Trustee's counsel which specifically requested that it not be sold. This request was denied. See letter of M. Oleksa dated January 18, 2008. Exhibit 4, p. 26.

The response of the Trustee on January 18, 2008, i.e., the day before the sale, was that the Trustee had the right to sell the vehicle based on the Declaration of Larry Turner filed November 7, 2007 in which he disclaims any interest in the vehicle and says it belongs to the debtor. See letter of M. Oleksa, supra. Notwithstanding the Trustee's asserted position, the vehicle was withdrawn from the auction. William Federico continues to assert an exclusive ownership interest in the vehicle and prior to the auction requested time to prove his ownership. This was rejected by the Trustee. B. Federico Declaration, p.1, l.20-p.2, l. 3.

    5.    1981 Ford pickup, VIN-8078. This vehicle was sold at auction although titled in the name of Bill L. Morris, movant Brian Federico's father-in-law. Brian Federico Declaration, Exhibit 2. Obviously, this was not titled in the name of the debtor or any related entity. This is an example of a vehicle whose ownership documentation was located <u>inside</u> one of the vehicles to be sold which was only able to be accessed and retrieved during and after the auction itself without the consent of the Trustee. B. Federico, p.1, l. 28- p.2, l. 3.

All the foregoing items, which are but a fraction of the hundreds of items auctioned, were claimed by one or more of movants. More importantly, Paul Federico, the debtor, agreed and clearly stated at all times that these items and the vast majority of items at 900 Welty Road did <u>not</u> belong to the estate. The Trustee was so advised as early as May or June 2007 by the debtor and September 2007 by Brian Federico and periodically thereafter by each of them. See Declarations of Paul Federico and Brian Federico.

It may not be unusual for a third party to dispute an interest in an item in which the debtor also claims an interest thus giving rise to a conflict. But in this case, the debtor repeatedly advised the Trustee and his counsel that the estate had <u>no</u> interest in any of the items claimed by movants. P. Federico Declaration, p. 2, l.3- p.4, l.12. <u>No one but the Trustee maintained that the items in question belonged to the estate.</u>

The property to be sold included many vehicles and thousands of items contained in truck trailers. The Trustee apparently decided early on that whatever was located at 900 Welty Road was

4

subject to auction as part of the estate. This is odd because the debtor has never had an interest in 900 Welty Road which is owned by Leo Arcos and was rented at that time to Pressure Concrete, Inc. ("PCI") for whom the debtor worked as a salaried employee. See Declaration of Paul Federico. The Trustee continued in this belief, despite the fact that the debtor advised him shortly after the conclusion of the 341 Meeting on May 10, 2007 that most of the items at 900 Welty Road were not property of the estate. Most belonged to one of the movants who had legal or equitable title in various pieces of equipment on site.

Just prior to the auction, the objecting party and others removed certain items from the sale over the objection of the Trustee. Fortunately, they were thus able to save some items from being wrongfully sold.

The notices and requests made to the Trustee and/or auctioneer prior to the auction sale include:

1. The Opposition filed October 16, 2007 to the Trustee's motion to sell which included the objection that the estate has no interest in the auction property, citing *Moldo vs. Clark* 266 BR 163(BAP 9th Cir. 2001) which prohibits sale of property pursuant to §363 without first determining that it is in fact property of the bankruptcy estate. Anderson Declaration, Exhibit 1.

2. The Declaration of Brian Federico filed October 16, 2007 in support of his Opposition in which he states that he is the owner of most of the items to be sold. Anderson Declaration, Exhibit 2.

3. The letter dated January 17, 2008 from the undersigned counsel to the Trustee's attorney Oleksa advising that most of the property is not that of the estate and that the Trustee operates at his peril in proceeding with the auction. The letter included evidence of ownership of certain items of Brian and/or William Federico. Anderson Declaration, Exhibit 3.

4. A second letter to the Trustee's attorney dated January 18, 2008. Anderson Declaration, Exhibit 5.

5. Over three emails from Paul Federico, the debtor, to the Trustee and/or auctioneer over the period of January 16, 17, and 18, 2008 advising that the sale should not proceed until ownership has been addressed. P. Federico Declaration, Exhibit 1, 2, 3.

6. In addition to these written communications, various oral notices were given to the

Trustee and/or auctioneer prior to the auction and on the day of the auction itself by Brian and/or Paul Federico. Declarations of Brian Federico and Paul Federico filed herewith.

As item No. 3 above, the undersigned counsel sent a letter dated January 17, 2008 to the Trustee's attorney, Michelle G. Oleksa, stating in part as follows:

> We demand that the sale be postponed to allow my clients to find supportive documentation on certain items which he owns. There are also undocumented items as to which he claims an ownership interest which would involve more elaborate proof. Since he is in the construction business and has used much of the equipment he has been forced to rent certain pieces of equipment. For this reason, he is not interested in receiving the liquidation value of the items. Rather, he demands retaining the ownership and use of the equipment itself.

Other items sold included toys and kids' sporting equipment including ten bicycles which clearly would not be expected to be part of the bankruptcy estate of a single adult man with adult children out of the area; especially, where the estate consists of a business liquidation. P. Federico Declaration, p. 3, l. 5-11.

Photographs of two trailers and some bedding and other personal items owned by Brian Federico at the auction including Brian Federico's son's 1997 karate trophy, are attached as Exhibit 4 to the Declaration of Brain Federico.

### HISTORY OF VEHICLES/EQUIPMENT/TOOLS

Some of the vehicles, equipment, and tools at 900 Welty Road belonged at all pertinent times to Brian Federico or William Federico. William Federico is a paraplegic living in Colorado. Some of the memorabilia and personal items were also claimed by Doug and Terri Brown. Terri Brown is the sister of Brian, William, and Paul Federico and is the representative of their mother's estate. Of the vehicles at Welty Road of which Brian Federico claims ownership, many were still in the name of the debtor or an affiliate of the debtor, e.g., Fargo Construction. These were sold to Brian in 2001 as part of a vehicle/equipment/tool exchange in satisfaction of debts in the amount of over $250,000 extended to the debtor by him prior to that time. All this was explained to the Trustee months before the motion to sell the property was filed. The debtor has not owned an acting construction business since that time and thus had no need for the equipment. Movants, needed access to the trailers and bins at 900 Welty Road in order to substantiate their claim to the exchange of the personal property in 2001 and ownership to some of the items themselves. But

6

**Memorandum of Points and Authorities**

access was denied.

The registration of many of the registered vehicles was not changed from the name of the debtor to Brian Federico after the sale to him because many of the vehicles were simply parked and/or transported to a job site where they remained to be used as offroad vehicles. Under such circumstances, they do not need to be registered and Brian Federico did not want to incur registration fees since he did not need to do so. B. Federico Declaration, p. 4, l. 8-10.

Movants have sustained the loss of all personal property of theirs which was auctioned. This constitutes the majority of the $149,000 in auction proceeds generated. Brian Federico was forced to buy back many of the items he or William Federico owned and, accordingly, purchased approximately $30,000 worth of vehicles, equipment, and tools at the auction. Brian Federico Declaration, p. 4, l. 11-13.

**WHERE A THIRD PARTY CLAIMS EXCLUSIVE OWNERSHIP TO PROPERTY SUBJECT TO SALE, AN ADVERSARY PROCEEDING IS REQUIRED TO DETERMINE OWNERSHIP**

The Trustee's Motion for Authority to Sell Personal Property Free and Clear of Tax Liens was filed on October 1, 2007. The Motion was entitled a motion to sell free of tax liens and the motion itself stated it was to authorize a sale free of tax liens. The attorney for Brian Federico at that time was David Johnston who filed an opposition to the sale and submitted a Declaration of Brian Federico in opposition to the proposed sale of the personal property. Copies of the Opposition and the Declaration are referred to in the Declaration of David F. Anderson filed herewith and are filed as Exhibits "1" and "2" to that Declaration. Both the Opposition and the Declaration assert Mr. Federico's claim of ownership in the property being sold and oppose the sale itself.

The court issued its order filed November 21, 2007 which states that the personal property shall be sold "free and clear of the interest of Brian Federico, if any." p.2, l. 18-19. The tentative ruling, but not the order, referred to §363(f)(4) as the basis for the court's ruling. As noted below, the Trustee had no authority to sell property other than property of the estate except under certain circumscribed situations, e.g., property of a cotenant under §363. When ownership to property is in dispute, the Trustee must file an adversary proceeding to have the court determine proper title. The

7

Memorandum of Points and Authorities

Trustee is not free to dispose of, or otherwise exert control over, non-estate property. In *Moldo vs. Clark*, 266 BR 163, *supra*, the court held that § 363(f)(4) does not provide for a sale in which the underlying interest of the debtor's estate in the property to be sold is in dispute; rather, it is designed for disputes based on the assumption that the debtor has at least some interest in the property. As stated in *Moldo*:

> The purpose of § 363(f)(4) is to permit property of the estate to be sold free and clear of interests that are disputed by the representative of the estate so that liquidation of the <u>estate's assets</u> need not be delayed while such disputes are being litigated. *See, generally*, 3 Lawrence P. King, *Collier on Bankruptcy* ¶ 363.06 (15th ed. rev.1998)
>
> . . .
>
> [T]he property that can be sold free and clear under section 363(f) is defined by subsection (b) and (c) of section 363 as "property of the estate" *Id.* Pursuant to section 541(a), "property of the estate" consists generally of all property in which the debtor had an interest on the date of bankruptcy,
>
> . . .
>
> The threshold question, is it still property of the estate, must first be decided.

266 BR at 171-172. (emphasis added)

See also *In re: Popp* 323 BR 260 (BAP 9th Cir. 2005) which cites *In re: Rodeo Canon Development Corporation* 362 Fed. 3rd 603 (9th Cir. 2004), withdrawn on other grounds by 126 Federal Appendix 353, 2005 WL 663421.

Here there had never been the threshold determination of whether the property to be sold was actually owned to any extent by the estate despite repeated objections over many months. Thus, there was an unconstitutional violation of due process in the disposition of this property as a matter of law.

<u>An Adversary Proceeding Was Required</u>

The Ninth Circuit has made it clear that when a Bankruptcy Rule 7001 category is at issue, an adversary proceeding is required as the defending party is entitled to the procedural due process protections provided by an adversary proceeding. *In re Lyons*, 995 F.2d 923, 924 (9th Cir. 1993) (when a Bankruptcy Rule 7001 category is at issue, the party seeking relief may obtain the authority he seeks only through an adversary proceeding); *In re Golden Plan of California, Inc.*, 829 F.2d 705, 711-712 (9th Cir. 1987); *In re Commercial Western Finance Corp.*, 761 F.2d 1329, 1336-1338 (9th Cir. 1985); *In re Colortran, Inc.*, 218 B.R. 507, 510-511 (9th Cir. B.A.P. 1997) (bankruptcy court's

8

invalidation of lien on motion proceeding violated due process and the failure to follow the procedural rules rendered the decision of the bankruptcy court void). The requirement of the filing an adversary proceeding and compliance with the Bankruptcy Rules is jurisdictional. *In re Commercial Western Finance Corp., supra*, 761 F.2d 1329, 1336-1338 (failure to proceed by adversary proceeding when one is required is reversible error). Courts generally require strict compliance with the rules governing adversary proceedings. *In re Stacy*, 167 B.R. 243, 248-249 (N.D.Ala. 1994). Unlike contested matters encompassed by Bankruptcy Rule 9014, the Bankruptcy Rules governing adversary proceedings incorporate most of the Federal Rules of Civil Procedure and an adversary proceeding is a full blown lawsuit. *In the Matter of Haber Oil Co., Inc.*, 12 F.3d 426, 437 (5th Cir. 1994). Contested matters require fewer procedural protections and are generally designed for adjudication of simple issues on an expedited basis. For example, in contested matters, Bankruptcy Rule 9014 specifically excludes: (a) the applicable rules concerning pleadings; (b) the requirements of pleading jurisdiction or if the matter is core or noncore; (c) the procedures to challenge a defective pleading; (d) the ability to assert a counterclaim and cross-claim; and (e) the ability to join a Federal Rules of Civil Procedure, Rules 19 or 20 party.

A party who desires to bring an action designated as an adversary proceeding under Bankruptcy Rule 7001 must file a complaint and must obtain and serve a summons. Bankruptcy Rules 7003 and 7004. A Bankruptcy Rule 7001 matter initiated by a contested matter fails on procedural grounds. *In the Matter of Perkins*, 902 F.2d 1254, 1258 (7th Cir. 1990); *In re Colortran, supra*, 218 B.R. 507, 510-511. Further, including a matter governed by Bankruptcy Rule 7001 in another proceeding already before the court does <u>not</u> satisfy the procedural rules required by Bankruptcy Rule 7001. *In re Commercial Western Finance Corp., supra*, 761 F.2d 1329, 1336-1338; *In re McKay*, 732 F.2d 44, 48 (3d Cir. 1984).

In addition to the foregoing, Bankruptcy Rule 7007 makes it clear that only certain pleadings are allowed in an adversary proceeding, one of which is a counterclaim. (See Bankruptcy Rule 7013). Counterclaims are not allowed in contested matters. Bankruptcy Rules 9013 and 9014. Bankruptcy Rule 7008 specifically requires that pleadings reflect the jurisdiction of the court and state whether the matter is core or noncore and, if noncore, whether the pleader does or does not

consent to the entry of final judgment by the bankruptcy court. These and other adversary rules are designed to assist the court in resolving fundamental questions concerning its jurisdiction and the ability to hear and determine issues. *In the Matter of Haber Oil Co., Inc.*, *supra*, 12 F.3d 426, 440; 10 Collier on Bankruptcy, *supra*, General Rules Of Pleading, §7008.02, pp. 7008-2-7008-3. Bankruptcy Rule 7009 requires that matters such as capacity, fraud, mistake, the pleading of conditions precedent and other matters be specifically pleaded. Finally, Bankruptcy Rule 7012 addresses the ability of the opposing party to file a variety of motions to challenge the sufficiency of an adversary proceeding. Many of the motions under Bankruptcy Rule 7012 address the ability of a bankruptcy court to hear a matter in the first place or to determine whether the law recognizes the purported claims asserted by the pleader.

An objection to a proof of claim is a contested matter. Bankruptcy Rule 9014. As noted above, Bankruptcy Rule 9014 does <u>not</u> authorize the filing of any counterclaim nor the joining of additional parties. In the claim objection context and in light of the rules of procedural due process and the pleading requirements for adversary proceedings, several courts addressing the issue have determined that Bankruptcy Rule 3007 does <u>not</u> abrogate the requirements for commencing an adversary proceeding and complying with the strict procedural requirements encompassed by the Bankruptcy Rules.[1] *In re Lawler*, 106 B.R. 943, 953-957 (N.D.Tex. 1989); *In re America's Shopping Channel, Inc.*, 110 B.R. 5, 8 (Bankr.S.D.Cal. 1990) (adversary proceeding required where there is an affirmative claim for money); 9 Collier on Bankruptcy (3d Ed. 1999) Objection to Claims, §3007.01[1] p. 3007-2 (if the objection is joined with a request for affirmative relief in the form of a counterclaim, an adversary proceeding must be commenced). Essentially, the assertion of a counterclaim triggers the operation of all of the rules governing adversary proceedings including the filing and service of a summons and complaint. *In re Lawler*, *supra*, 106 B.R. 943, 956-957. As the court in *Lawler*, noted, Bankruptcy Rule 3007 represents an attempt to preserve rather than eliminate the procedural rules for an adversary proceeding and leaves it to the objecting party to put

---

[1]Bankruptcy Rule 3007 provides: An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the claimant, the debtor or debtor in possession and the trustee at least 30 days prior to the hearing. If an objection to a claim is joined with a demand for relief of the kind specified in Rule 7001, it becomes an adversary proceeding.

10

**Memorandum of Points and Authorities**

an adversary proceeding properly in motion. (*Lawler* at 957).

## CONCLUSION

The need for an adversary proceeding is triggered when a bona fide dispute exists; at that point, due process considerations come into play. See *Moldo vs. Clark*, Infra. Here, there was not only notice of a claim to items subject to sale but evidence of actual title in the hands of movants and others not related to the estate. At this point all sale efforts should have stopped and an adversary proceeding commenced. The Trustee's attitude toward the movants' claims is indicated by his absolute unwillingness to remove from sale even those items where documents of title reveal no interest in the estate. The Trustee's attitude in this regard demonstrates his unreasonableness in failing to acknowledge claims as to undocumented personal property, e.g., equipment and tools.

Two things are clear. First of all, it is clear that the law puts the burden on the Trustee to establish title in the estate before moving to sell property of the estate. Second, in case of an dispute in which a third party claims 100% ownership in the items to be sold the Trustee has no choice but to file an adversary proceeding to adjudicate title prior to taking an steps in relation to the property, especially where he or she seeks to liquidate the property. The Trustee operates at his or her peril to do otherwise. The Trustee in this case chose to proceed by way of motion to, effectively, adjudicate title in an indirect manner which deprived the movants of due process. Accordingly, the order and judgment entered must be vacated as a matter of law.

Respectfully submitted.

Dated: June 28, 2008

HAUSER & MOUZES
A Professional Law Corporation

*/s/ David F. Anderson*

_____
By: DAVID F. ANDERSON, Attorney for
Brian Federico, William Federico, Douglas
Brown and Terri Brown

Memorandum of Points and Authorities